williamgayplea

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

ORIGINAL
FILED
DISTRICT COURT OF GUAM
APR -9 2007
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
APR -3 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00028 |
| Plaintiff, | |
| vs. | **AMENDED PLEA AGREEMENT** |
| WILLIAM GAY JR., | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, WILLIAM GAY JR., enter into the following plea agreement:

1. The defendant, WILLIAM GAY JR., agrees to waive indictment and enter a guilty plea to an Information charging him with Count I, Theft of Government Property, in violation of Title 18, United States Code, Section 641 and Count II, Entering Military, Naval, or Coast Guard Property, in violation of Title 18, United States Code, Section 1382.

2. The defendant understands that the <u>maximum</u> sentence for Count I of the information, Theft of Government Property in an amount greater than $1,000.00, in violation of 18 U.S.C. § 641, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in

18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3). The total $100 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

3. The defendant understands that the <u>maximum</u> sentence for Count II of the information, Entering Military, Naval, or Coast Guard Property, in violation of 18 U.S.C. § 1382, as a Class B misdemeanor as specified in 18 U.S.C. § 3559, is imprisonment for not more than six (6) months and a maximum fine of $5,000.00, as specified in 18 U.S.C. § 3571, together with any restitution as the court may order, and a $10 special assessment fee as set forth in 18 U.S.C. § 3013. ~~Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the defendant up to an additional term of not more than one year.~~ The $10 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

4. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Count I- Theft of Government Property, in violation of 18 United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

<u>Second</u>, the property belonged to the United States; and

- 2 -

Case 1:07-cr-00028    Document 10    Filed 04/09/2007    Page 2 of 5

<u>Third</u>, the value of the property was more than $1000.

6. The defendant understands that to establish a violation of Count II- Entering Military, Naval, or Coast Guard Property, in violation of Title 18, United States Code, Section 1382, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant went upon a United States military reservation;

<u>Second</u>, that when the defendant went upon the United States military reservation, it was for a purpose prohibited by law;

<u>Third</u>, that the purpose prohibited by law was that the defendant possessed knowledge that the defendant needed and did not have authorization to do so.

7. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1964, and is a citizen of the United States.

b. That on or about July 18, 2006, in the District of Guam, the defendant, WILLIAM GAY JR., went upon a United States military reservation, to wit, U.S. Naval Base Guam, for a purpose prohibited by law, that is, with knowledge that the defendant, WILLIAM GAY JR., needed and did not have authorization to do so. That on or about July 18, 2006, in the District of Guam, the defendant, WILLIAM GAY JR., at U.S. Naval Base Guam, knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property. That the property the defendant, WILLIAM GAY JR., stole belonged to the United States. That the value of the property the defendant, WILLIAM GAY JR., stole was more than $1000.00. That when the defendant, WILLIAM GAY JR., was inside building #1A, FEMA Warehouse, Radio Barrigada, Naval Communications and Telecommunications Station, he asportated property of the United States, to wit: reels of copper cable, with the intention of converting the reels of copper cable to his own use. That when the defendant, WILLIAM GAY JR., was apprehended, he possessed two crow bars, one pair of white gloves, one flashlight, and one white

cloth bag. That when the defendant, WILLIAM GAY JR., was apprehended, the time was approximately 9:00 p.m., on July 18, 2006.

8. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

9. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into the plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 3/29/07

_____
WILLIAM GAY JR.
Defendant

DATED: 3/29/07

_____
RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 3/12/07    By: _____
RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 4/2/07

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

- 5 -